F364M-00046

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 2 4 2021

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

| | |
|---|---|
| GERALDINE BYRD, AS ADMINISTRATOR OF ESTATE OF JACQUELINE BARROW, DECEASED, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| NORTH DELTA GIN CO., LLC, BRANDON WAYNE CHILDRESS, AND JOHN DOES 1 – 10, | ) ) ) ) |
| Defendant. | ) ) |

No.: 2:21-cv-00127 BSM

**JURY DEMANDED**
This case assigned to District Judge____MILLER
and to Magistrate Judge_____HARRIS

---

### NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. § 1446, Defendant, North Delta Gin Co., LLC, (hereinafter "North Delta Gin" or "Defendant") hereby files this Notice of Removal removing this case from the Circuit Court of Phillips County, Arkansas, Case No. CV-21-117, where it is currently pending, to the United States District Court for the Eastern District of Arkansas. This cause is removable pursuant to 28 U.S.C. § 1332, in that Plaintiff's claims invoke the Court's diversity jurisdiction and the amount in controversy exceeds the statutorily required $75,000.00. In support of removal, Defendant respectfully submits as follows:

### INTRODUCTION

1.      Defendant North Delta Gin Co., LLC is a limited liability company with its principal place of business located at 98 Pleasant Grove Road, Sardis, Mississippi. Defendant is the owner of the tractor trailer involved in the subject accident and is the appropriate named defendant.

2.      Plaintiff, Geraldine Byrd, as Administrator of the Estate of Jacqueline Barrow, deceased, is a resident citizen of Wilson, Mississippi County, Arkansas. The decedent, Jacqueline Barrow, was a resident of Helena, Phillips County, Arkansas, at the time of her death.

3.      Plaintiff's complaint seeks damages in excess of Seventy-Five Thousand Dollars ($75,000).

4.      The United States District Court for the Eastern District of Arkansas is the federal judicial district embracing the Circuit Court of Phillips County, Arkansas, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 81(b)(1) and 1441(a).

5.      Pursuant to 28 U.S.C. § 1332, this civil action is removable as it invokes the federal court's diversity jurisdiction. This Court therefore has subject matter jurisdiction over this civil action, and removal is proper.

## PROCEDURAL HISTORY

6.      Geraldine Byrd ("Plaintiff") instituted this civil action in the Circuit Court of Phillips County, Arkansas, on August 19, 2021, arising out of injuries to the decedent allegedly sustained in Phillips County, Arkansas, on or about May 1, 2021. A true and correct copy of all process and pleadings as served upon Defendant is attached hereto as Exhibit "A" and is incorporated herein by reference.

7.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Phillips County Circuit Court, and written notice will be provided to Plaintiff along with a copy of this pleading.

## REMOVAL IS TIMELY FILED UNDER 28 U.S.C. § 1446(b)

8.      "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or

within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446.

9.     Defendant was served with the summons in this action via U.S. Mail on September 2, 201.  As such, pursuant to 28 U.S.C. § 1446(b), this notice of removal is timely filed since it is filed on or before October 2, 2021.

## NON-WAIVER OF DEFENSES

10.     By removing this action from Phillips County Circuit Court, Defendant does not waive any defenses available to it.

11.     By removing this action from Phillips County Circuit Court, Defendant does not admit any of the allegations in Plaintiff's complaint.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, by and through its counsel, desiring to remove this civil action to the United States District Court for the Eastern District of Arkansas, being the district and division for the county in which such civil action is pending, prays that the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the Circuit Court of Phillips County, Arkansas, shall effect the removal of said civil action to this Honorable Court. Defendant demands a jury to try the issues.

Respectfully submitted this 23rd day of September, 2021.

**LEWIS, THOMASON, KING, KRIEG**
**& WALDROP, P.C.**

By: _Claire Cissell_

CLAIRE M. CISSELL  (98233)
*Attorney for Defendant North Delta Gin Co., LLC*
2900 One Commerce Square
40 South Main Street
Memphis, TN 38103
(901) 525-8721
ccissell@lewisthomason.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 23rd day of September, 2021, a copy of the foregoing pleading has been delivered to all parties at interest in this cause via electronic mail, ECF, and/or by placing a copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by delivering same to each party or party's attorney as follows:

| | |
|---|---|
| ☐ Hand<br>☒ Mail<br>☐ Fax<br>☐ Fed X<br>☐ EFS<br>☒ E-mail | Dustin H. Jones, Esq.<br>Dustin H. Jones, P.A.<br>624 S. Main St., Suite 207<br>Jonesboro, AR  72401<br>djoneslawfirm@gmail.com<br><br>Tony L. Wilcox, Esq.<br>Chris A. Averitt, Esq.<br>Wilcox & Averitt, PLC<br>600 S. Main St.<br>Jonesboro, AR  72401<br>tony@wilcoxaveritt.com<br>chris@wilcoxaveritt.com<br><br>*Attorneys for Plaintiff* |

_Claire M. Cissell_

Claire M. Cissell

10637407

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

GERALDINE BYRD, AS ADMINISTRATOR OF                          PLAINTIFF
ESTATE OF JACQUELINE BARROW, DECEASED

v.                                              NO.    CV-21-117

NORTH DELTA GIN CO., LLC,                                    DEFENDANTS
BRANDON WAYNE CHILDRESS, AND
JOHN DOES 1-10

## NOTICE OF FILING NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, North Delta Gin Co., LLC ("North Delta"),

by and through its counsel, hereby gives notice to the Circuit Court for Phillips County,

Arkansas, and to Dustin H. Jones, Tony L. Wilcox, and Chris A. Averitt, attorneys for Plaintiff,

that North Delta has filed a Notice of Removal ·with the United States District Court for the

Eastern District of Arkansas, and that this case has been removed to that court.  A copy of the

Notice of Removal is attached hereto.

Respectfully submitted,

**LEWIS, THOMASON, KING, KRIEG**
**& WALDROP, P.C.**

By: _Claire M. Cissell_
CLAIRE M. CISSELL   (AR 98233)
2900 One Commerce Square
40 S. Main ST.
Memphis, TN 38103
(901) 525-8721
ccissell@lewisthomason.com
*Attorney for Defendant North Delta Gin Co., LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following, via the Court's electronic filing system, electronic mail, and/or U.S. Mail, postage pre-paid, this the 23rd day of September, 2021:

> Dustin H. Jones, Esq.
> DUSTIN H. JONES, P.A.
> 624 S. Main St., Suite 207
> Jonesboro, AR 72401
> *Attorney for Plaintiff*

> Tony L. Wilcox, Esq.
> Chris A. Averitt, Esq.
> WILCOX & AVERITT, PLC
> 600 S. Main St.
> Jonesboro, AR 72401
> *Attorneys for Plaintiff*

Claire M. Cissell

10660142

2

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

GERALDINE BYRD, AS ADMINISTRATOR OF                              PLAINTIFF
ESTATE OF JACQUELINE BARROW, DECEASED

v.                              No.   CV-21-117

NORTH DELTA GIN CO., LLC,                                        DEFENDANTS
BRANDON WAYNE CHILDRESS, AND
JOHN DOES 1-10

# SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

North Delta Gin Co., LLC
98 Pleasant Grove Road
Sardis, MS 38666

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) – or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas – you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorneys, whose name and addresses are: Tony L. Wilcox and Chris A. Averitt, Wilcox & Averitt, PLC, 600 South Main Street, Jonesboro, AR 72401 and Dustin H. Jones, 624 South Main Street, Jonesboro, AR 72401.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional Notices Included: _____

_____

_____

Address of Clerk's Office:

Lynn Stillwell, Circuit Clerk
Circuit Court of Phillips County
620 Cherry St. Room 206
Helena, AR 72342

By: _____

Clerk or Deputy Clerk

Date: 8-19-21

FILED
At 9:14 O'clock A M

AUG 19 2021

CHASITY DEISCH
PHILLIPS COUNTY CIRCUIT CLERK
D.C.

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

GERALDINE BYRD, AS ADMINISTRATOR OF                PLAINTIFF
THE ESTATE OF JACQUELINE BARROW, DECEASED

v.                              No.

NORTH DELTA GIN CO., LLC,                           DEFENDANTS
BRANDON WAYNE CHILDRESS, AND
JOHN DOES 1-10

## COMPLAINT

Comes the Petitioner, Geraldine Byrd, the administrator of the Estate of Jacqueline Barrow, deceased, by and through her undersigned attorneys, Dustin H. Jones, P.A. and Wilcox and Averett, PLC, and for her Complaint against Defendants North Delta Gin Co., LLC (herein North Delta Company), Brandon Wayne Childress, and John Does 1-10, states as follows:

### I. JURISDICTION & VENUE

1.    This Court has jurisdiction over the subject matter of this action as this is an action seeking monetary damages for medical bills and expenses for injuries, conscious pain and suffering, loss of life and wrongful death pursuant to Ark. Code Ann. § 16-62-101 and Ark. Code Ann. § 16-62-102.

2.    This Court has personal jurisdiction over all of the defendants due to the defendants contact with the state of Arkansas. The accident giving rise to this lawsuit occurred in Arkansas.

Page 1 of 11

3.     Venue is proper in this Court because a substantial portion of the events of omissions giving rise to this lawsuit occurred in Phillips County. Decedent was also a resident of Philip County, Arkansas and died on May 1, 2021.

## II. PARTIES

4.     The Plaintiff, Geraldine Byrd, is a resident and citizen of Wilson, Mississippi County, Arkansas. Geraldine Byrd was appointed administrator of the estate of Jacqueline Barrow, deceased by the Phillips County Circuit Court, Probate Division on the 17 day of May, 2021, and she is, therefore, the proper person to bring an action for wrongful death on behalf of the Estate of Jaqueline Barrow, and it's wrongful death beneficiaries. See Exhibit 1, Order of Appointment.

5.     The deceased, Jaqueline Barrow, was a resident and citizen of Helena, Phillips County, Arkansas and died on May 1, 2021.

6.     The Defendant, Brandon Wayne Childress, is a resident and citizen of Sarah Mississippi. At the time of the occurrence referred to herein, Brandon Wayne Childress, was the agent, servant and/or employee of North Delta Gin Company.

7.     Defendant, North Delta Gin Company is a foreign company with its principal place of business located in Marks, Mississippi. It's registered agent for service of process is Grover Lawson III, 98 Pleasant Grove Road, Sardis, MS 38666.

8.     North Delta Gin Company, at the time of the occurrence referred to herein, was engaged in the business of a motor carrier engaged in interstate commerce, operating commercial motor vehicles and subject to the rules and regulations of the United States Federal Highway Administration, Department of Transportation, using the roads and highways of the United States, specifically, the State of Arkansas.

9.     Defendants, John Does 1-10 are individuals and/or entities that, either through their own negligence or vicariously through other individuals and/or entities, are liable for the injuries sustained by the decedent in the motor vehicle collision that is the subject of this lawsuit. Despite diligent inquiry, the identities and whereabouts of these individuals remain unknown at this time. See Exhibit 2, affidavit of Tony L. Wilcox.

10.     This action involves personal injuries and wrongful death sustained by Jacqueline Barrow while traveling in Helena, Arkansas on April 15, 2021. On that day Jacqueline Barrow was a passenger in an automobile, being operated in a safe and prudent manner heading west on Martin Luther King Drive, Highway 49. At that same time, the tractor-trailer owned by Defendant North Delta Gin Company and/or certain John Doe entity defendants driven by Defendant Childress was traveling South on Highway 49B (Briscoe Street). Defendant Childress then attempted to turn left with his 18 wheel tractor trailer onto Highway 49 toward the Mississippi River Bridge. In doing so he negligently turned in front of the vehicle Ms. Barrow was traveling in as it continued straight from Martin Luther King Junior onto Briscoe Street (Martin Luther King Jr. seamlessly turns into Briscoe Street). Both vehicles had a green light but this intersection did not have a green arrow light providing for a protected left turn. As a result of Defendant, Childress' negligent decision to turn left in front of the vehicle in which Ms. Barrow was a passenger, a collision occurred. The collision was due to the negligence of Defendants as more fully described herein. The collision caused the medical bills, injuries, extensive suffering, and death of Jacqueline Barrow.

11.     Also, at this time, Defendant Childress was operating North Delta Gin Company's vehicle with a noncommercial license. Defendant, Childress was cited for reckless driving. Upon information and belief, Childress has pled guilty to this charge and/or forfeited his bond and/or paid a fine.

Page 3 of 11

## III. NATURE OF ACTION

12.     This is an action for injuries, conscious pain and suffering, loss of life and wrongful death pursuant to Ark. Code Ann. § 16-62-101 and Ark. Code Ann. § 16-62-102. The Plaintiff as the administrator of the Estate of Jaqueline Barrow, is the proper person to bring an action for wrongful death on behalf of the Estate of Jacqueline Barrow.

## IV. GENERAL ALLEGATIONS

13.     This action involves personal injuries and wrongful death sustained by Jacqueline Barrow while traveling in Helena, Arkansas on April 15, 2021. On that day Jacqueline Barrow was a passenger in an automobile, being operated in a safe and prudent manner heading west on Martin Luther King Drive, Highway 49. At that same time, the tractor-trailer owned by Defendant North Delta Gin Company and/or certain John Doe entity defendants driven by Defendant Childress was traveling South on Highway 49B (Briscoe Street). Defendant, Childress then attempted to turn left with his 18-wheel tractor trailer onto Highway 49 toward the Mississippi River Bridge. In doing so he negligently turned in front of the vehicle Ms. Barrow was traveling in as it continued straight from Martin Luther King Junior onto Briscoe Street (Martin Luther King Jr. seamlessly turns into Briscoe Street). Both vehicles had a green light but this intersection did not have a green arrow light providing for a protected left turn. As a result of Defendant, Childress' negligent decision to turn left in front of the vehicle in which Ms. Barrow was a passenger, a collision occurred. The collision was due to the negligence of Defendants as more fully described herein. The collision caused the medical bills, injuries, suffering and death of Jacqueline Barrow.

14.     At all times, immediately before, during, and after the collision in question, the vehicle in which Ms. Barrow was a passenger was being operated in a reasonable and safe manner and in compliance with all applicable rules of the road.

15.     During the collision, Jaqueline Barrow's body was crushed causing her extensive injuries. The officer at the scene noted she was in extreme pain.

16.     Jaqueline Barrow was taken to Helena Regional Medical Center by ground ambulance and then taken by helicopter to Memphis Regional Medical Center, in Memphis, Tennessee, where she was treated for her injuries.

17.     After suffering with gruesome injuries for over 16 days, Jaqueline Barrow succumbed to her injuries while still at the Memphis Regional Medical Center in Memphis Tennessee.

18.     At all times relevant, Defendant, Childress was acting in the course and scope of his employment as an agent/or employee of North Delta Gin Company. At the time of the collision, Defendant, Childress was an employee and/or agent of Defendant North Delta Gin Company and was acting within the course and scope of his employment or agency. All negligence of Defendant Childress is imputed to North Delta Gin Company under the doctrines of vicarious liability and respondeat superior.

19.     Defendant Childress failed to operate his vehicle at a safe rate of speed, to keep a proper lookout, to keep his vehicle under control, obey traffic signals, and/or attempted to illegally turn his vehicle on the highway and failed to yield to a vehicle with a superior right of way, thus causing the collision.

20.     As a result of the Defendants' careless and negligence described herein, the resulting collision caused the injuries, medical expenses and death of Jacqueline Barrow and the damages to her wrongful death beneficiaries.

### COUNT I
### NEGLIGENCE IN OPERATION, MAINTENANCE
### AND USE OF THE VEHICLE

21.     Paragraphs 1-20 are incorporated herein by reference as set forth word for word.

22.     On April 15, 2021, Defendants were careless and negligent in the operation, maintenance, and use of the subject tractor trailer.

23.     As the driver of a commercial tractor-trailer, Defendant Childress had a duty to drive at a speed that was reasonable and prudent under the circumstances, to yield to oncoming traffic and to act in a way that ensured the safety of other drivers.

24.     Specifically, but without limitations, Defendant Childress breached these duties and was negligent for failing to operate his vehicle at a safe rate of speed, to keep a proper lookout, to keep his vehicle under control, obey traffic signals, and/or attempted to illegally turn his vehicle on the highway and failed to yield to a vehicle with a superior right of way, drive at a speed that is reasonable and prudent under the circumstances; failing to yield to oncoming traffic, and in otherwise failing to act in a way that ensured the safety of other drivers, thus causing the collision. He was also illegally driving a tractor-trailer without a commercial drivers' license.

25.     As a result of defendant's negligence, Jacqueline Barrow incurred medical bills and expenses, disfigurement, scaring, suffered conscious pain and suffering and also lost her life. Her wrongful death beneficiaries also suffered pecuniary damages, mental anguish and suffering.

26.   The negligence of Childress was a cause in fact and proximate cause of Jacqueline Barrow suffering and death and Plaintiff's damages are described herein.

27.   At the time of the accident, Childress was acting within the course and scope of his employment with North Delta Gin Company and his actions, inactions, and negligence can be imputed to North Delta Gin Company as a matter of law by federal regulations and Arkansas Statutory and Common law.

28.   Upon information and belief, the tractor operated by Childress contained the logo and/or identification of North Delta Gin Company on the cab of the tractor, and, therefore, North Delta Gin Company held the tractor, trailer and driver out as its agent, servant and/or employee. The negligence of Childress is additionally imputed to North Delta Gin Company under the theories of "logo liability", apparent and ostensible agency.

29.   Defendants knew or should have known in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage, and Defendants continued the conduct with malice and in reckless disregard of the consequences from which malice might be inferred. Defendants intentionally pursued the course of conduct for the purpose of causing injury and that conduct did, in fact, harm Jacqueline Barrow. Defendants acted intentionally, recklessly, and/or maliciously. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

## COUNT II.
## DIRECT NEGLIGENCE OF NORTH DELTA GIN COMPANY

30.   Paragraphs 1-29 are incorporated herein by reference as set forth word for word.

31.     Defendant North Delta Gin Company and/or certain John Does entity defendants, knew or in the exercise of ordinary care should have known, that Defendant Childress' and/or certain John Doe individual defendants' conduct would subject third parties to an unreasonable risk of harm.

32.     Defendant North Delta Gin Company and/or certain John Doe entity defendants were negligent in hiring of defendant Childress and/or John Doe individual defendants in that they failed to take adequate precautions to determine the individual's past history and propensity to subject third parties to an unreasonable risk of harm.

33.     In addition, after discovering evidence of the individuals' propensity to subject third parties to an unreasonable risk of harm, North Delta Gin Company and/or certain John Doe entity defendants were negligent in retaining Defendant Childress and/or John Doe individual defendants.

34.     Defendants North Delta Gin Company and/or certain John Doe entity defendants were negligent in that they failed to exercise ordinary care to investigate and ensure that positions such as operators and drivers of their tractor-trailers, which had the potential to cause an unreasonable risk to third parties, were only filled with qualified personnel.

35.     North Delta Gin Company was negligent in the hiring, training, instruction, and supervision of Childress and that negligence was a proximate cause of this occurrence.

36.     North Delta Gin Company was negligent in entrusting the tractor-trailer to Brandon Wayne Childress. North Delta Gin Company knew or reasonably should have known that Brandon Wayne Childress was impaired, incompetent, inexperienced, reckless, and/or intoxicated. Thus, North Delta Gin Company's entrustment of the tractor-trailer to Brandon Wayne Childress created an unreasonable risk of harm and proximately caused Plaintiff's damages.

37.    Also at this time, Defendant Childress was also operating the Defendant's vehicle with a noncommercial license. Defendant, Childress was cited with reckless driving. Upon information and belief, Childress has pled guilty to this charge and/or forfeited his bond and/or paid a fine.

38.    As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages in an amount in excess of that required by federal diversity jurisdiction.

39.    Defendants knew or should have known in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage, and Defendants continued the conduct with malice and in reckless disregard of the consequences from which malice might be inferred. Defendants intentionally pursued the course of conduct for the purpose of causing injury and that conduct did, in fact, harm Jacqueline Barrow. Defendants acted intentionally, recklessly, and/or maliciously. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

40.    The Defendants in this action are joint tortfeasors and are, therefore, jointly and severally liable for Plaintiff's damages as described herein.

### V. DAMAGES

41.    As a proximate result of the joint and several negligence of the defendants, the deceased, Jacqueline Barrow, suffered multiple injuries and, ultimately, lost her life. Prior to her demise she suffered conscious pain, suffering, discomfort, disfigurement, scaring and mental anguish.

42.    At the time of her death, Jacqueline Barrow was 74 years of age with a normal life expectancy.

43.   Geraldine Byrd, individually, and as personal representative of the Estate of Jacqueline Barrow, deceased, prays that she have and recover damages and judgment from and against the defendants jointly and severely, as compensation to the heirs and the beneficiaries at law of Jacqueline Barrow, for the value of her loss of life, for conscious pain and suffering of the deceased prior to her death, for medical and funeral expenses, for scaring and disfigurement, and for the mental anguish and pecuniary damages sustained by the surviving beneficiaries of the Estate of Jacqueline Barrow as well as all other damages allowed by law.

44.   The surviving beneficiaries of the Estate of Jacqueline Barrow are:

| NAME | RELATION |
| --- | --- |
| Geraldine Bryd | Sister |
| Jerry Barrow | Brother |

45.   Geraldine Byrd, individually, and as personal representative of the Estate of Jacqueline Barrow, deceased should have and recover judgment in an amount to be set by the jury in excess of the minimum amount required for federal court diversity from the defendants, jointly and severally, as compensatory damages for the wrongful death of Jacqueline Barrow, caused as a proximate result of the negligence of the defendants.

46.   Defendants knew or should have known in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage, and Defendants continued the conduct with malice and in reckless disregard of the consequences from which malice might be inferred. Defendants intentionally pursued the course of conduct for the purpose of causing injury and that conduct did, in fact, harm Jacqueline Barrow. Defendants acted intentionally, recklessly,

and/or maliciously.   Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

### VI. DEMAND FOR JURY TRIAL

47.   Plaintiff demands a trial by jury on all issues so triable.

### VII. RESERVATION

48.   The Plaintiff reserves the right to amend and plea further in this action.

### VIII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Geraldine Byrd, as personal representative of the Estate of Jacqueline Barrow, deceased, prays that she have and recover judgment from and against the Defendants, jointly and severally in an amount excess of the minimum amount of federal court diversity jurisdiction, for all damages allowed by law, and for all other relief for which she may be entitled.

Respectfully submitted,

Dustin H. Jones (#2001214)
Dustin H. Jones P.A.
624 S. Main Street, Suite 207
Jonesboro, AR 72401
Phone: (870) 277-1292

Tony L. Wilcox (#93084)
Chris A. Averitt (#98123)
WILCOX & AVERITT, PLC
600 S. Main St.
Jonesboro, AR 72401
Phone: (870) 931-3101

*Attorneys for Plaintiff*

By: _____
Tony L. Wilcox

Page 11 of 12

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
PROBATE DIVISION

IN THE MATTER OF THE ESTATE OF
JACQUELINE BARROW, Deceased                    No. PR-2021-643

ORDER TO PROBATE ESTATE
AND APPOINTING ADMINISTRATOR

On this date there is presented to the Court the petition of Geraldine Byrd for the probate of

the estate of Jacqueline Barrow, deceased, and for the appointment of Administrator of the estate,

and from such petition and other evidence in support thereof the Court finds:

1.       Jacqueline Barrow, died intestate on May 1, 2021, while a resident of Phillip County,

Arkansas.

2.       This Court has jurisdiction and venue properly lies in this county and district.

3.       The decedent did not leave a surviving spouse, and the heirs at law of the decedent,

and their respective ages, relationships to the decedent, and present residence addresses are as

follows:

| Name | Age | Relationship | Residence Address |
|------|-----|--------------|-------------------|
| Geraldine Byrd | Adult | Sister | 20 Washington St. Wilson AR, 72395 |
| Jerry Barrow | Adult | Brother | 115 Ashley Dr. Ivey GA, 31031 |

4.       Geraldine Byrd is nominated and is qualified to act as Administrator of the estate.

5.       There is necessity for administration of the estate of the decedent.

6.       No demand for notice of proceedings or for the appointment of a Administrator of

the estate has been filed herein.

FILED AT *11:16* O'CLOCK *A*M

MAY 17 2021

LINDA WINFIELD, COUNTY & PROBATE CLERK

EXHIBIT
1

7.    Geraldine Byrd, as administrator of the estate of Jacqueline Barrow, is authorized and directed to pursue all personal injury, survival and wrongful death causes of actions arising from the collision on or about April 15, 2021 in which the decedent was fatally injured.  Geraldine Byrd is authorized to contract with Attorneys and file suit on behalf of the estate and all of the wrongful death beneficiaries.

It is, therefore, CONSIDERED, ORDERED and DECREED that Geraldine Byrd be and hereby is appointed Administrator of the estate of the decedent; and that Letters of Administration shall be issued to said Administrator by the clerk of this Court upon the filing of the acceptance of appointment and filing and approval of a fiduciary bond, with sufficient sureties, in the penal sum of $-0-.

DATED this 17th day of May, 2021.

_____
Circuit Judge

MAY 17 2021

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

GERALDINE BYRD, AS ADMINISTRATOR OF                    PLAINTIFF
THE ESTATE OF JACQUELINE BARROW, DECEASED

      v.                          No.

NORTH DELTA GIN CO., LLC,                              DEFENDANTS
BRANDON WAYNE CHILDRESS, AND
JOHN DOES 1-10

### AFFIDAVIT

I, Tony L. Wilcox, attorney for Plaintiff, Geraldine Byrd, as Administrator of the

Estate of Jacqueline Barrow, deceased, do solemnly swear and affirm that the identity of the

additional tortfeasors stated as John Does 1-10 are unknown. I have attempted a diligent

inquiry to ascertain the identity of any such tortfeasors, but have been unable to determine

the identity of said tortfeasors. Upon determination of the identity of the additional

tortfeasors, I will amend the Complaint and substitute the real names for the pseudo-names.

                                 Tony L. Wilcox

STATE OF ARKANSAS
COUNTY OF LAWRENCE

SUBSCRIBED AND SWORN TO before me this 17th day of August, 2021

                                 NOTARY PUBLIC

My Commission Expires: 8-16-29

```
OFFICIAL SEAL - #12708512
HANNAH COATS
NOTARY PUBLIC-ARKANSAS
LAWRENCE COUNTY
MY COMMISSION EXPIRES: 08-16-29
```

```
EXHIBIT
2
```

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

GERALDINE BYRD, AS ADMINISTRATOR OF                        PLAINTIFF
THE ESTATE OF JACQUELINE BARROW, DECEASED

v.                                    Case No. 54CV-21-117

NORTH DELTA GIN CO., LLC;                                  DEFENDANTS
BRANDON WAYNE CHILDRESS; AND
JOHN DOES 1-10

## PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT NORTH DELTA GIN CO., LLC

The Plaintiff, Geraldine Byrd, as Administrator of the Estate of Jacqueline Barrow, deceased, by and through her attorneys, Wilcox & Averitt, PLC and Dustin H. Jones, P.A., propounds the following Interrogatories and Requests for Production to the defendant, North Delta Gin Co., LLC, and requests that the defendant answer separate and fully, under oath and in writing, each and every one of the following Interrogatories and Requests for Production in the time and manner required by law.

These Interrogatories and Requests for Production shall be deemed continuing in nature up to and including the date of trial and any change in the answers given occasioned by new information, or change of information, or for any other reason shall be immediately supplemented by the defendant.

INTERROGATORY NO. 1:  Identify, including job title and description, the person or persons answering these interrogatories.  If more than one person is supplying answers to these interrogatories, identify each person and specify which interrogatory the person answered or assisted in answering.

INTERROGATORY NO. 2: Please state whether Brandon Wayne Childress was acting in the course and scope of his employment and lot agency with you at the time of the collision in question.

    a.     If not, please describe in detail the relationship between Brandon Wayne Childress and this Defendant at the time of the incident, and at this time.

    b.     Identify any and all written agreements you had with Brandon Wayne Childress at the time of the incident.

REQUEST FOR PRODUCTION NO. 1: Please produce all agreements identified in the immediately preceding interrogatory.

INTERROGATORY NO. 3: Please list the names, addresses and telephone numbers of all persons known by you or your attorney to be eyewitnesses to the matters alleged in the plaintiffs' Complaint.

INTERROGATORY NO. 4: Identify any pictures, diagrams, or layouts that were made of the scene of this incident, after the incident in question, that you are aware of, whether you or someone else generated same and identify who has possession of said items.

INTERROGATORY NO. 5: Do you have any type of indemnification agreement with any entity regarding any liability for this occurrence?

INTERROGATORY NO. 6: Please describe the trip of the subject vehicle on the day of the incident. Answer with regard to the point of departure, the streets and/or roadways traveled, the purpose of said trip, any stops made during the trip and prior to such incident, and the purpose of any stop, through the time of the incident.

2

INTERROGATORY NO. 7: Describe in detail the cargo being carried and/or transported in the subject trailer at the time of the incident, including the volume and weight, and whether the cargo was "hazardous material."

INTERROGATORY NO. 8: Please describe in detail your relationship with any other Defendant(s) in this case at the time of the occurrence in question and at the present time.

INTERROGATORY NO. 9: Was this Defendant a party to any lawsuits related to vehicular collisions during the past ten years? If so, then please state the following for such lawsuit:

    a.    the case number, court, county and parties to such suit;

    b.    the date such suit was filed;

    c.    the status of such litigation; and

    d.    the allegations made against Defendant in each lawsuit.

INTERROGATORY NO. 10: Please state the correct name, present or last known resident address, and telephone number of the registered owner of the subject vehicle, at the time of the incident.

INTERROGATORY NO. 11: State the present owner and location of the subject vehicle.

INTERROGATORY NO. 12: Please describe in detail all of your hiring policies and/or procedures, including procedures with regard to the hiring of truck drivers and employees, including Brandon Wayne Childress.

INTERROGATORY NO. 13: Please describe any and all driver training and vehicle maintenance training provided to Brandon Wayne Childress during his employment and/or relationship with you.

INTERROGATORY NO. 14:  Please describe in detail the procedures utilized by you to check the driving record of your employees, including, but not limited to, truck drivers and/or persons such as Brandon Wayne Childress.

INTERROGATORY NO. 15:  Describe in detail the driving record of Brandon Wayne Childress through the date of the incident, including the number of traffic citations, the reason for each citation and the result of each citation.

INTERROGATORY NO. 16:  Please state if you were the owner of the subject vehicle on the day in question and if not, please identify the owner.

INTERROGATORY NO. 17:  Please state if you were the owner of the subject trailer on the day in question and if not, please identify the owner.

INTERROGATORY NO. 18:  Have you entered into any settlement agreements or other agreements of any nature with any party to this lawsuit or any other person or entity which would relate to claims asserted in this lawsuit or the liability of any persons or entities therefor?

INTERROGATORY NO. 19: Please state whether you have in force and effect any policies of liability insurance, **INCLUDING UMBRELLA OR EXCESS COVERAGE**, providing coverage for the potential liability described in the Complaint.

INTERROGATORY NO. 20:  If the answer to the preceding interrogatory is in the affirmative, please state the following with respect to each such policy of liability insurance:

   (a)     the name and address of the company issuing such policy or policies;

   (b)     the number of such policies;

   (c)     the limits of liability under such policies;

4

(d)    the primary policy holder and name or names of individuals insured under each such policies; and

(e)    the amount of money claimed under each available coverage.

Please identify the person who will testify that your answer to this Interrogatory identifies all policies of insurance.

REQUEST FOR PRODUCTION NO. 2: Please provide a certified copy of the policy of insurance and declarations pages for each and every policy listed in your answer to the preceding interrogatory.

INTERROGATORY NO. 21: Please state whether anyone has taken a written or recorded statement from any employee or agent of North Delta Gin Co., LLC about the matters described in the plaintiffs' Complaint. If so, state the date of the statement, the person giving the statement, the person to whom the statement was given and the custodian of the statement. To the extent you maintain that such information is privileged and/or subject to the attorney work-product doctrine, please produce a privilege log.

INTERROGATORY NO. 22: Please state the date, time and place at which Brandon Wayne Childress picked up the load he was carrying at the time of the collision.

INTERROGATORY NO. 23: Please identify the person(s) and/or company(ies) for whom or which North Delta Gin Co., LLC was hauling on the day of the accident in question.

REQUEST FOR PRODUCTION NO. 3: Produce for inspection and copying any and all documents received from or sent to the person(s) and/or company(ies) identified in the preceding interrogatory and relating in any way to the day of the accident in question.

REQUEST FOR PRODUCTION NO. 4: Produce for inspection and copying any and all bills of lading issued on the load which Brandon Wayne Childress was carrying at the time of the collision.

REQUEST FOR PRODUCTION NO. 5: Produce for inspection and copying any and all records of fuel stops made by Brandon Wayne Childress in the twenty-four hours prior to this collision including, but not limited to, information reflecting the amount of fuel and the location of said fuel.

INTERROGATORY NO. 24: Was there an automatic on-board recording device monitoring North Delta Gin Co., LLC's duty status?

INTERROGATORY NO. 25: How many hours had Brandon Wayne Childress been driving prior to the incident in question?

INTERROGATORY NO. 26: State the exact location that Brandon Wayne Childress took any rest or stop during the forty-eight hour period prior to the incident in question.

INTERROGATORY NO. 27: State how many hours Brandon Wayne Childress had been on duty in the seven days prior to the collision.

INTERROGATORY NO. 28: Has anyone acting for you obtained a statement from the plaintiff or any witness concerning the occurrences?

REQUEST FOR PRODUCTION NO. 6: Produce for inspection and copying such statements taken from the plaintiff or witness. To the extent you maintain that such information is privileged or subject to the attorney work-product doctrine, please produce a privilege log.

6

INTERROGATORY NO. 29:  Did your representative or any medical personnel or police personnel perform any alcohol or controlled substance testing on defendant Brandon Wayne Childress within the twenty-four hours preceding or following this collision?

REQUEST FOR PRODUCTION NO. 7:  If your answer to the previous interrogatory is in the affirmative, please attach to your answers copies of any documentation outlining the tests, by whom taken, when taken, and the results thereof.

INTERROGATORY NO. 30:  Please state whether prior to this collision defendant Brandon Wayne Childress had ever been randomly tested for alcohol or controlled substances.

REQUEST FOR PRODUCTION NO. 8:  If your answer to the previous interrogatory is in the affirmative, please attach to your answers copies of any documentation outlining the tests, by whom taken, when taken, and the results thereof.

REQUEST FOR PRODUCTION NO. 9:  Please produce a copy of defendant Brandon Wayne Childress personnel records with North Delta Gin Co., LLC, including all records in regard to background and character checks, annual reviews of driving record, records of violations, and medical examination reports.

INTERROGATORY NO. 31:  Has an estimate for repairs been done on the vehicle Brandon Wayne Childress was driving at the time of the collision, or have any repairs been done on the vehicle?

REQUEST FOR PRODUCTION NO. 10:  If your answer to the preceding interrogatory was yes, produce for copying and inspection copies of any estimates for repair or receipts for repair.

INTERROGATORY NO. 32:  State whether you or anyone acting for you has obtained or has any knowledge of any statement by any person who claims to have any knowledge concerning this

collision. If so, state the name and address of each person as well as the custodian of the writing or recording.

REQUEST FOR PRODUCTION NO. 11: Please produce for purposes of inspection and copying any statements referred to in answer to the previous interrogatory. To the extent you maintain that such information is privileged and/or subject to the attorney work-product doctrine, please produce a privilege log.

INTERROGATORY NO. 33: Please state what photographs have been taken of the vehicles involved in the collision and/or of the collision scene.

REQUEST FOR PRODUCTION NO. 12: Please produce for copying and inspection the negatives of those photographs referred to in response to the previous interrogatory.

INTERROGATORY NO. 34: Was there an inspection of the tractor and/or trailer involved in this collision subsequent to the collision, and were there any mechanical defects, malfunctions or abnormal conditions relating to the vehicle defendant, Brandon Wayne Childress, was driving? If so, explain them.

REQUEST FOR PRODUCTION NO. 13: Please produce for purposes of inspection and copying defendant Brandon Wayne Childress' log book for the thirty days preceding and including the day of the incident.

INTERROGATORY NO. 35: Please give the names, addresses, and telephone numbers of all persons whom you or your attorney may call as (a) lay or (b) expert witnesses at the trial of this case.

INTERROGATORY NO. 36: In regard to the persons named in answer to the preceding interrogatory, please state the subject matter on which they are expected to testify, the substance of

the facts and opinions to which they are expected to testify, and a summary of the grounds for each opinion.

INTERROGATORY NO. 37:  If you intend to call any witnesses who will be asked to state any opinions or conclusions, for each such witness state:

1.   Name;

2.   Address or last known (if not currently employed by you);

3.   Email address, both business and personal, or last known (if not currently employed by you);

4.   Social security number;

5.   Telephone number, or last known, of the witness (if not currently employed by you);

6.   The educational background of such witness, including all degrees obtained;

7.   The subject matter on which such witness is expected to testify;

8.   The substance of the facts and opinions to which the witness is expected to testify, a summary of the grounds for each opinion; and

9.   The name of any article, publication, treatise, or any writing the expert has authored or coauthored and the citation to such article, publication, treatise, or writing.

REQUEST FOR PRODUCTION NO. 14:  Please produce a copy of any article, publication, treatise, or any writing referred to in the preceding Interrogatory.

INTERROGATORY NO. 38:  If you intend to call a witness who will be asked to state any opinions or conclusions, has the expert ever testified in any court?  If so, have they had to provide a list of cases where they have testified?

REQUEST FOR PRODUCTION NO. 15: Please produce a copy of the list of cases the expert provided the court referred to in the preceding Interrogatory.

REQUEST FOR PRODUCTION NO. 16: Please produce a copy of each expert's current curriculum vitae.

REQUEST FOR PRODUCTION NO. 17: Please produce each document that you may introduce into evidence or refer to at the trial of this matter, or that you may show to the Court during Opening Statement, Closing Argument, or at any other time, or that may be relied upon by any witness identified herein.

INTERROGATORY NO. 39: Please provide a summary and approximate date of any and all statements that have been made to any employee or agent of North Delta Gin Co., LLC, or that your attorney is aware of, by Brandon Wayne Childress, Geraldine Byrd and/or Jacqueline Barrow.

REQUEST FOR PRODUCTION NO. 18: Please produce any and all documents in your possession or that of your attorney which originated from Jacqueline Barrow or refer to her in any way.

INTERROGATORY NO. 40: State the names and addresses of all persons with whom any representative of North Delta Gin Co., LLC has discussed the incident described in the plaintiff's Complaint.

INTERROGATORY NO. 41: Is North Delta Gin Co., LLC classified as an "interstate motor carrier" operating motor carrier equipment over the public highway? If so, please state:

(a)    Which type(s) of Interstate Commerce Commission (ICC) motor carrier North Delta Gin Co., LLC, is/are considered (i.e., common, contract, private or other types);

(b)    The ICC motor carrier classification of North Delta Gin Co., LLC (class I, II, or III);

(c)     All of the ICC motor carrier numbers assigned to North Delta Gin Co., LLC by the ICC;

(d)     North Delta Gin Co., LLC's motor carrier prorate and/or fuel tax numbers assigned by any and all state governmental entities to North Delta Gin Co., LLC for purposes of operating over or through their territories, or for the purchase of fuel within their state territories.

INTERROGATORY NO. 42: Do you intend to utilize, read from, or refer to, either in direct examination or cross-examination, any learned treatise, standard, regulation, or authoritative source?

REQUEST FOR PRODUCTION NO. 19: If your answer to the preceding Interrogatory is Yes, please provide the following information:

(A)     The name of any such document;

(B)     The year of publication;

(C)     The edition number;

(D)     The name and address of the publishing agency;

(E)     The parts or portions therefore which you intend to utilize, read from, or refer to.

INTERROGATORY NO: 43: Please state:

(A)     The identity of the person(s) who was in charge of the day-to-day motor carrier operations of North Delta Gin Co., LLC at the time of the collision in question;

(B)     The identity of the person(s) in charge of dispatching and the identity of each of the dispatchers who dispatched drivers and equipment for cargo pickup, transportation and delivery on behalf of North Delta Gin Co., LLC at the time the collision in question occurred;

(C)     The identity of the person(s) in charge of safety and/or a motor fleet safety program for North Delta Gin Co., LLC at the time the collision in question occurred;

11

(D)    The identity of the person who was primarily charged with the reporting of the vehicular accident to other organizations and/or the investigation thereof on behalf of North Delta Gin Co., LLC at the time the collision in question occurred;

(E)    The identity of the person at North Delta Gin Co., LLC who is now in charge of computer operations;

(F)    The identity of the person who was in charge of maintenance of North Delta Gin Co., LLC's vehicles operated by or on behalf of North Delta Gin Co., LLC at the time the collision in question occurred;

(G)    The identity of the person(s) and/or independent organization(s) conducting driver and/or equipment inspections on behalf of North Delta Gin Co., LLC at the time the collision in question occurred; and

(H)    The identity of the person(s) responsible for checking and/or conducting audits or surveys of the drivers' daily logs submitted to North Delta Gin Co., LLC by its drivers at the time the collision in question occurred.

INTERROGATORY NO. 44: Please state:

(A)    North Delta Gin Co., LLC's present safety rating as maintained by the Federal Office of Motor Carrier Safety, Field Operations (FOMCSFO); and North Delta Gin Co., LLC's safety rating at the time the accident herein occurred;

(B)    The date of the last survey or audit conducted by an FOMCSFO agent, indicating the number and type of violations discovered;

(C)    The identity of the FOMCSFO agent conducting the last survey or audit or North Delta Gin Co., LLC's motor carrier operations;

12

(D)   The dates of all other audits or surveys conducting by FOMCSFO agents of North

Delta Gin Co., LLC's motor carrier operations in the ten years preceding the date of the accident in

question, giving for each the number and type of violations discovered in each survey or audit;

(E)   The number of vehicular accident reports submitted by North Delta Gin Co., LLC to

the FOMCSFO for the years 2002 through 2007.

(F)   The dates of each federal or state court action or civil forfeiture demand placed

against North Delta Gin Co., LLC by the FOMCSFO for violations of the Federal Motor Carrier

Safety Regulations, indicating the final disposition and/or fine imposed after each such action,

regardless of date of occurrence; and

(G)   The identity of any driver who, while employed by North Delta Gin Co., LLC was

charged in Federal Court, or had a civil forfeiture claim placed against them from the beginning of

2005 to the present, for violations of the Federal Motor Carrier Safety Regulations by the

FOMCSFO, or its agents indicating the approximate date, type of violation and disposition after each

driver's name.

INTERROGATORY NO. 45: Does North Delta Gin Co., LLC or any other person, utilize

computer equipment in the operation of North Delta Gin Co., LLC's trucking business? If so, please

answer the following:

(A)   Is the computer utilized in creation of the payroll of drivers, other employees and

settlements for owner/operators who perform services for North Delta Gin Co., LLC?

(B)   Is the computer utilized in trip settlements between North Delta Gin Co., LLC and

its owner/operators?

(C)   Is the computer utilized in the recording of:

13

(1)     Vehicular accidents?

(2)     Industrial accidents?

(3)     Cargo claims?

(D)     Is the computer utilized in reference to auditing hours of service (logs) of drivers?

INTERROGATORY NO. 46: Does North Delta Gin Co., LLC maintain a company accident review board that reviews and determines if a vehicular accident is charged against a driver's safety record? If so, please state:

(A)     If North Delta Gin Co., LLC in the administration of the accident review board, adopts the motor carrier fleet safety standard of "preventable or not;"

(B)     If North Delta Gin Co., LLC does not operate under the motor carrier fleet safety standard of "preventable or not," the method or industry standard utilized in determining if an accident is or is not chargeable against a driver's safety record;

(C)     The number of North Delta Gin Co., LLC's accident review board members and the identity of each;

(D)     The date(s) North Delta Gin Co., LLC's accident review board held meetings after the collision in question occurred for the purposes of determining if the collision in question was preventable and/or chargeable to North Delta Gin Co., LLC or not;

(E)     If North Delta Gin Co., LLC's accident review board reviewed the collision which is the subject of this litigation; and, if so, list any decisions or conclusions reached;

(F)     If there were any accident review board documents created on this accident by North Delta Gin Co., LLC?

14

REQUEST FOR PRODUCTION NO. 20: If your answer is yes to subsection (F) in the above Interrogatory, please produce copies of the accident review board documents created on this collision by North Delta Gin Co., LLC.

REQUEST FOR PRODUCTION NO. 21: Please produce copies of any and all vehicular movement recording documents or records such as any tractor trip, computer-generated documents, tachography charts, generated by satellite or by whatever means, in reference to the physical movement of the tractor and/or trailer involved in the accident from the beginning of 2002 to the end of 2007.

INTERROGATORY NO. 47: Please state the name of each person who was responsible for supervising any aspect of Brandon Wayne Childress' job performance, training, supervising or job duties, stating their name, place of business, job title and a description of their job duties as related to supervising North Delta Gin Co., LLC's truck drivers, including Brandon Wayne Childress.

INTERROGATORY NO. 48: Please state the names of any persons employed by North Delta Gin Co., LLC who have investigated the collision or are otherwise knowledgeable about the incident.

INTERROGATORY NO. 49: Please state the names, addresses and phone numbers of any persons who have been retained by North Delta Gin Co., LLC to investigate the collision.

INTERROGATORY NO. 50: Please state the names, addresses, and phone numbers of all witnesses to the collision in question, known to North Delta Gin Co., LLC.

INTERROGATORY NO. 51: Please state or describe any negligent act performed by the driver of the vehicle in which Jacqueline Barrow was a passenger known to or alleged by North Delta Gin Co., LLC, in the moments leading up to the collision.

15

INTERROGATORY NO. 52: Please state or describe any negligent act performed by Brandon Wayne Childress, known to North Delta Gin Co., LLC, in the moments leading up to the collision.

INTERROGATORY NO. 53: Please state whether the North Delta Gin Co., LLC vehicle driven by Brandon Wayne Childress was equipped with a transponder or other global position device or tracking chip and whether North Delta Gin Co., LLC could monitor Brandon Wayne Childress' location through the use of such devices. If your answer is in the affirmative, describe in technical terms and brand names the tracking devices and the hardware and software used with such devices.

REQUEST FOR PRODUCTION NO. 22 : Please produce all recorded information for any transponder or other tracking device used to track Brandon Wayne Childress in each of the years of his employment at North Delta Gin Co., LLC.

INTERROGATORY NO. 54: Please state whether Brandon Wayne Childress had a personal or company-provided communication device such as a cell phone and/or radio. If the answer is affirmative, please describe the device, and if a telephone, state the telephone number and cell phone provider, and if the device allowed the user to be geographically tracked, so state.

REQUEST FOR PRODUCTION NO. 23: Please produce all records related to any communication device ever used by Brandon Wayne Childress while employed by North Delta Gin Co., LLC, such as cell phone records or computer print outs.

REQUEST FOR PRODUCTION NO. 24: Please produce a copy of all driver manuals, employee manuals or any other written or recorded material used for training or supervising Brandon Wayne Childress or other truck drivers such as Brandon Wayne Childress.

16

INTERROGATORY NO. 55: Please describe in detail all training provided by North Delta Gin Co., LLC to Brandon Wayne Childress, including the name and job title of each person providing both general training and all training in basic vehicle control skills.

INTERROGATORY NO. 56: Please describe in detail all training provided by North Delta Gin Co., LLC to Brandon Wayne Childress regarding his logbook or how to log driving time.

REQUEST FOR PRODUCTION NO. 25: Please produce copies of all insurance policies and surety bonds as required by federal regulations to be maintained by North Delta Gin Co., LLC.

REQUEST FOR PRODUCTION NO. 26: Please produce copies of all forms, records and certificates issued for each road test given by North Delta Gin Co., LLC to Brandon Wayne Childress, as required by federal regulations.

REQUEST FOR PRODUCTION NO. 27: Please produce Brandon Wayne Childress' driver qualifications file as set out and described in federal trucking regulations.

REQUEST FOR PRODUCTION NO. 28: Please produce Brandon Wayne Childress' driver's records of duty status from the date of hire to the day of the collision with Jacqueline Barrow.

INTERROGATORY NO. 57: Please state the present location of "black box" or any other crash data recorder or tracking mechanism that was in Brandon Wayne Childress' vehicle at the time of the collision with Jacqueline Barrow.

REQUEST FOR PRODUCTION NO. 29: Please produce all printouts, electronic files, or any other form of data downloaded from the "black box" or any other crash data recorder or tracking mechanism that was in Brandon Wayne Childress' vehicle at the time of the collision with Jacqueline Barrow.

17

REQUEST FOR PRODUCTION NO. 30: Please produce copies of any and all reports, photos, data or other information in your possession that were generated by any governmental investigative agency related to the accident or Brandon Wayne Childress.

INTERROGATORY NO. 58: Please state the name of the investigator, address and name of any governmental investigative agency that has communicated with North Delta Gin Co., LLC in regard to the collision with Jacqueline Barrow or the subsequent clean up or repair of the vehicles or the accident scene.

INTERROGATORY NO. 59: Please treat the foregoing Interrogatories and Requests for Production as continuing and furnish to plaintiff, through her attorneys, in writing, any additional information received by you subsequent to the date of your answers and responses hereto that would modify or supplement your answers or responses, such additional information to be furnished as soon as reasonably possible after receipt by you and within a reasonable time prior to the assigned trial date in order to permit appropriate discovery procedure. Will you do so?

Respectfully submitted,

Dustin H. Jones (#2001214)
Dustin H. Jones P.A.
624 S. Main Street, Suite 207
Jonesboro, AR 72401
Phone: (870) 277-1292

Tony L. Wilcox (#93084)
Chris A. Averitt (#98123)
WILCOX & AVERITT, PLC
600 S. Main St.
Jonesboro, AR 72401
Phone: (870) 931-3101

*Attorneys for Plaintiff*

By: _____
Chris A. Averitt

18